Thank you, Judge. I may please the Court. My name is Michael Kim. I appear for appellant's plaintiffs who are all foreign nationals, and the core question before this Court is whether or not the existence of aliens on both sides of the dispute, as the case was below, on a relatively isolated issue, i.e., defendant Hong Joon-Jeon's negligence, defeats subject matter jurisdiction below. I would like to reserve, with the Court's permission, three minutes for rebuttal. The district court issued an order in October 2004 that essentially held that the simple fact that there were aliens on both sides of the dispute rendered the Court without jurisdiction. We were before the district court for approximately 14 months on various pre-trial proceedings. The issue came up, something as a passing issue, and the district court issued an order to show cause requiring plaintiffs to discuss jurisdiction. This was originally filed in federal district court and not removed? It was. So this is your forum choice? That's correct, Judge. Now, speaking only for myself, I have to say I think the law is pretty clear that there's no subject matter jurisdiction so long as you've got two aliens on each side. Well, the cases that deal with this subject matter are Transure from 1985 and Faysound from 1989. Our understanding of the case law as it relates to Section 1332a is if you can analyze the case on a party-by-party basis and you can find a basis for jurisdiction, then the fact that there is an alien on both sides does not necessarily result in a defeating of the subject matter jurisdiction. But the basis for jurisdiction here, if I leave to one side the treaty, which I think does not provide Federal question jurisdiction, but your basis for jurisdiction is diversity, correct? In part, that is. What do you mean in part? Well, we allege that the treaty is, of course, relevant to establishing the jurisdictional rights of aliens in this country. But even without that, if you omit Mr. John from the defendants, we have a product liability case against General Motors that's independent of Mr. John's negligence action. We have also a separate claim against A&C. But under that argument, if there are independently viable claims against people with whom there would be jurisdiction absent the other alien defendant, that argument destroys the basic fundamental principle of complete diversity because it will often be the case that you'll have several defendants or several plaintiffs and get rid of one of the plaintiffs or the plaintiff that defeats complete diversity. Well, there's some case left. So I don't understand that argument to prevail. I have a different question for you, and that is, Judge Talborg indicated that you had not sought, in order to preserve jurisdiction, the dismissal of the alien defendant. I think it is, at least in certain circumstances, within the discretion of this Court to dismiss that defendant in order to preserve jurisdiction. Mr. John. Yes. Sure. What would happen if we were to do that? Is that person an indispensable party under Rule 19? Absolutely not. Our position is Mr. John is not indispensable to anything other than our claims against him. Have you made that argument in the district court? Our position is that we did. And also ---- Well, I didn't quite ask you that, did you? I don't recall specifically whether we made that specific argument. But our position below, before the district court, was on the issue of subject matter jurisdiction that we had ---- that there was jurisdiction over each of the parties, and that, therefore, the fact that Mr. John was also involved as a defendant was a ---- was not a ---- an important factor. And if that were indeed a relevant factor and the question of indispensable party under Rule 19 was raised, we would have been adequately able to address that issue. That was not raised by anybody, as I recall. But I should have thought it should have been raised by you, and it was pretty clear that you were about to get your case dismissed so long as he was a defendant. Well, our ---- the discussion we had was the order to show cause prompted us to discuss the existence or nonexistence of subject matter jurisdiction. The fact that we did not analyze Rule 19a separately should not really be a controlling factor. That's all been discussed below. We discussed the case in the context of each of the three defendants. And the mere fact that we did not discuss Rule 19a specifically should not prevent this Court from granting substantial justice, because in any context of considering whether or not subject matter jurisdiction exists in this type of setting, i.e., the alien and alien on the ---- on both sides, that question should be either permitted by the district court to be specifically addressed by us or specifically mentioned by the district court that because of the existence of an indispensable party, i.e., Mr. John, subject matter jurisdiction was lacking. Our position is that the district court itself did not consider that issue as a factor relevant to subject matter jurisdiction analysis. And if it is ---- Kennedy, it's quite clear that the district court did, in the sense that at the end of the district court order, he says, there's been no request for a dismissal in order to preserve jurisdiction. Therefore, I dismiss. And that was at the tail end of the district court's analysis, but that was never an issue. Would you want to dismiss this driver from this case? We'd be happy to dismiss the driver from the case and keep the case in the District of Arizona against A&C Car Rental Company and General Motors because, in part, because it really goes to judicial economy. We had a ---- the case advanced 14 months after inception, and we were well into discovery before the case was abruptly terminated. We then had to start anew in at least two other State jurisdictions. I'm just curious. It seems like it's a very good argument for the liability on the part of the driver. And I'm just wondering, it seems like that's a big part of your case. That is a substantial part of the case, but it's a part of the case that we believe is quite distinct and independent, Your Honor, of the liability we assert against General Motors and A&C Car Rental, and we'd be happy to proceed on a separate level. Is there a separate case pending against him in another court? There was a refiling of the identical caption in the Arizona State court and also a refiling of the identical caption in New Jersey where the estate representative of the decedent resides, and that New Jersey action has now been dismissed as of two weeks ago in deference to the Arizona case on exactly the same reason that the Arizona case had been suspended, which was the existence of another court case. Okay. So the bottom line is there is a State court case pending against John for his negligence. That's correct. Okay. He preserved that also with A&C Car Rental and also the other. For everybody, after the district court dismissed this case because of the uncertainty that arose from the dismissal. And is that case timely filed? It was. Okay. I guess I can ask the other side. You're probably involved or knowledgeable about that case, too. Yes. It was timely filed, and the State court of Arizona has administratively suspended further consideration of that case in part on the existence of this case. So what's the harm of it? But if there's cross-claims and so forth, why is the driver not an indispensable party? Because the cross-claims go to the negligence or non-negligence of Mr. John, and for an indispensable party analysis under Rule 19, the focus is, is it possible for these plaintiffs to obtain relief against General Motors separately against Defendant A&C Car Rental without Mr. John's involvement? The fact that he is a cross-claim defendant or even a third-party defendant is not really the focus of Rule 19a. Well, one of the things that's under Arizona law, as I understand it, that are severe, that are contributed during negligence, or comparative negligence, so that as the matter goes to the jury, isn't it an important determination as to the relative fault? If the matter goes to the jury on relative fault, the district court can instruct the jury to consider relative fault, and there could be an allocation of – there could be a charge, a curative charge, that allows Mr. John's relative fault to be considered, even though he's not directly involved in the Federal diversity action. So that can be cured without defeating subject matter jurisdiction as against General Motors and A&C separately. Let me come back to the filing that you've got in the Arizona State Court. Given that you've got that filing against these same defendants, and given your statement that you don't have a statute of limitations problem with that Arizona State Court action, why are you bothering with this appeal? Because the appeal arose as of the time the decision was rendered, which was October 2004, without regard to the fact that subsequent developments have somehow been able to protect. Well, let me ask it a different way. If this dismissal by the district court were affirmed by us, what's the harm to you, given that you've got this other pending suit in the Arizona State Court? If Your Honor puts it in that context, the answer has to be the harm is we lost three years, but there is no – I can't give those back to you. Well, Your Honor cannot, and this panel cannot, but in every case that's argued before this Court and every other court in this country, all of the events are argued ad hoc, and if we allow the mere passage of time to render events moot when they're not – I'm not talking about legal mootness argument, but we allow the simple passage of time to address a legal issue, we're going down a wrong path, and I suggest the Court should not do that. Now, you've run over. Let's hear from the other side, and we'll give you a minute in rebuttal. Thank you very much. Good morning. May it please the Court, my name is Tom Kline. I'm here on behalf of General Motors Corporation. With me at counsel table, Tim Medcoff is here on behalf of ANC Rental. Peter Spies is here on behalf of the driver, Mr. Hong-Joon Jeon. As the Court is aware of the – And do you anticipate splitting the argument, or are we going to hear it from you for 10 minutes? Well, the plan is if there are questions that Mr. Medcoff or Mr. Spies is less able to answer, they'll take that. As the case is presently pleaded in the Federal court, there is no subject matter jurisdiction. We have a foreign plaintiff, a foreign defendant, and U.S. defendants. Under Faisound, the Ninth Circuit controlling precedent, there's no diversity jurisdiction. The treaty does not independently confer jurisdiction on the Federal courts. The treaty specifically says you can have jurisdiction to all degrees. The jurisdiction already exists. A jurisdiction does not exist here. The treaty does not independently create jurisdiction. The options here for the plaintiff has always been two. One is dismiss the foreign defendant from the Federal action and proceed in Federal court against only the U.S. defendants. Then you have jurisdiction under 1332A2, a foreign entity or foreign individual suing U.S. entities, or proceed against all of the defendants in State court. As the Court is now aware, there is a case pending in Coconino County in Flagstaff against all three. Now, do you agree with the representation that that suit is not only against the same defendants, but is also the representation that it is not time-barred? It is not time-barred. However, there is an issue about the sufficiency of service of process on the driver in the State court action, which has not been litigated. What happened is we filed a motion to stay the State court action in Flagstaff because at the time this action was pending in Federal court and the other action was pending in State court in New Jersey. That case was dismissed in New Jersey on December 16th, a little over two weeks ago, so now we just have the two cases in Arizona in Federal court, State court. But nothing has happened in the State court action, so the Court's ---- But there's a possible fight about service of process against the driver? Yes. That's the bottom line there. Service of process has not been accomplished? Is that going to be the argument? Well, as I understand the facts, Mr. Gion executed an acceptance of service of process that was either delivered to him by plaintiff's counsel or the father of the decedent, even though the plaintiff's knew that Mr. Gion was represented by counsel. So there's a question about whether that acceptance of service is valid or whether there are some other issues with that. I see. That issue has not been briefed or raised at all in the State court, but it will be. So there will be an issue regarding jurisdiction over that defendant in State court. Can I understand you correctly that there is the option of dismissing and you don't object to dismissing the driver? Well, Judge Teelborg ---- It's the indispensable party argument. It's our position that the driver is indispensable. Judge Teelborg raised that issue, as the Court noted, at the end of his order of dismissal, which was without prejudice, because we raised the issue that the driver was indispensable in the Federal court action. The plaintiffs have not discussed that issue at all in the Federal courts. Ironically, I think the best argument ---- Under Arizona law, which, of course, will be applied in the Federal court if the case proceeded there under diversity, we could identify the driver as a non-party at fault and try him essentially as an empty chair. There's two problems from our perspective. We may not be able to get his testimony, and we would like to be able to present his testimony and his recollection of the accident to the jury. And if he's not a party, we may not be able to get his deposition. We'd have to proceed under the Hague Convention, which is a cumbersome process, and we really don't have a remedy if he refuses to appear at the deposition. So we would prefer to have him as a party. And if I may step into the shoes of the plaintiff for a moment, if the case proceeds in Federal court with Mr. Gion as a non-party at fault, and there's a jury verdict that found, let's say, Mr. Gion, the driver, who was going very fast, 90 percent at fault, the plaintiff would not be able to recover any money from Mr. Gion because he would be a non-party at fault. So from the plaintiff's perspective, looking at the Rule 19 factors, they would not have an adequate remedy. They would not be able to collect their full measure of damages if Mr. Gion was not a party. So, frankly, I was surprised at counsel's statement. We can identify him as a non-party at fault, and our issue, then, is whether we could get his testimony before the jury, which is what I would like. Unless there are other questions, I'll give five minutes back to the Court. Okay. And your co-counsel are content to respond on that basis? I have a question, unless you have a specific question. No. Okay. Any other questions from the panel? Okay. Well, I have one other question. The other question I had is I was really curious as to why there was a reluctance on the part of Alamo to produce the insurance policy. If it pleases the Court, Tim Medcoff on behalf of A&C Rental Corporation. Your Honor, in answer to your question, unfortunately, I'm not in a position to be able to answer it at this time. And the reason why, there were some procedural issues that resulted in this case where Lewis and Rocco was originally assigned as counsel of record for both A&C Car Rental Corporation as well as Mr. Jiang. As the case was progressing, they identified that there was a potential conflict of interest. They stepped out of the case, and I stepped in. And that specific issue, I have not reviewed it recently. And so I'm not in a position to be able to answer that question for you, and I apologize, Your Honor. Okay. Thank you. Thanks. Mr. Kim, we'll give you a minute in response. I have nothing further to add, and I thank the panel very much for the time. Okay. Thank you very much. I do know that the we do we are aware that there was a last-minute motion to submit on the briefs, which we denied, as you understood by phone and file order yesterday morning. And I have to say that it, given the posture of this, it was useful to us to have this interchange that I think we do understand the case a fair amount better than we did without the argument. So Lee v. A&C Car Rental Corporation et al. is now submitted for decision. Thank you.
judges: Hug, W. Fletcher, Holland